# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMED LANSA MANSARAY,<br><br>Defendant. | **ORDER OF FORFEITURE**<br><br>Case No. 2:21-cr-28-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Defendant has pleaded guilty to Count II of the Indictment. Having carefully reviewed the Government's motion, the Indictment, the guilty plea of the defendant, the defendant's statement in advance of plea that included his agreement regarding the forfeiture, and good cause appearing, the court makes the following findings:

1. As a result of a guilty plea to Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), the Government seeks forfeiture pursuant to 18 U.S.C. § 924(d), which requires the defendant to forfeit to the United States any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924.

2. Based on the information provided in the government's motion, the Indictment, the guilty plea of the defendant, and the statement in advance of plea that includes his agreement regarding the forfeiture, the court finds that a Sig Sauer P320 pistol, serial number 58B266638, and any associated ammunition are subject to forfeiture and that the government has established the requisite nexus between the subject property and the offense. The court also finds that the Government has made a *prima facie* showing sufficient, if no third party files any claim to the

property, to establish that the defendant has an interest in the property.

3.  Pursuant to 18 U.S.C. § 924(d) and Fed. R. Crim. P. 32.2(b)(1)(A), the property identified above is hereby forfeited to the United States.

4.  Upon the entry of this Order, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the property and conduct any discovery proper to identify, locate, or dispose of the property subject to forfeiture.

5.  Upon entry of this Order the Attorney General (or a designee) shall commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

6.  The United States shall publish notice of this Order on the Government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

7.  Any person, other than the defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n).

8.  Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

9.  Any petition filed by a third party asserting an interest in the subject property shall

be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claims; and the relief sought.

10. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the subject property following the court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853, which is incorporated by 28 U.S.C. § 2461, for the filing of third-party petitions.

12. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated this 13th Day of December, 2023
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge